UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FELIX WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 12-21 |
| CELADON GROUP, INC., ET AL. | SECTION "B"(3) |

ORDER AND REASONS

Nature of Motions and Relief Sought:

Before the Court are Plaintiff's Motion for Partial Summary Judgement, Defendants' Opposition, and Plaintiff's Reply. (Rec. Docs. No. 43, 46, & 51). Accordingly, and for the reasons put forth below,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED**. Movant is warned that the subject motion barely survives the test for a frivolous filing, particularly in the context of clear applicable law and material factual disputes, all shown in this record.

Procedural History and Facts of the Case:

This diversity suit arises from a traffic accident on Highway 10 near the city of Baton Rouge. Plaintiff Felix Washington alleges in his complaint that Defendant Vincent Dickerson negligently rear-ended him while driving in the scope of his employment with Defendant Celadon Trucking Services, Inc. ("Celadon"). (Rec. Doc.

No. 1 at 1-2). The complaint further alleges that the collision caused him physical and mental injury, including severe injuries to his back, which rendered him unable to work. *Id.* In memoranda Plaintiff also avers that he has been unable to work as a result of physician-prescribed opiates, which he takes to alleviate pain allegedly caused by the accident. (Rec. Doc. No. 43-2 at 4).

Defendants asserted in their joint answer as an affirmative defense that Plaintiff has failed to mitigate his damages. (Rec. Doc. No. 5 at 3). In the instant Motion for Partial Summary Judgement, Plaintiff argues that Defendants have failed to produce evidence establishing that defense with respect to his claim for lost wages and, accordingly, that Defendant should be precluded from litigating the issue at trial. (Rec. Doc. No. 43-2 at 2).

Law & Analysis

A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986).

2

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). Because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

As to issues for which the non-moving party has the burden of proof at trial, the moving party may satisfy its burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

3

B. Failure to mitigate as an affirmative defense

In this diversity case, Louisiana law governs. The parties agree that Louisiana law imposes a duty on plaintiffs to mitigate damages and that defendants bear an evidentiary burden when asserting failure to mitigate as an affirmative defense . (See Rec. Docs. No. 43-2 at 1 and 46 at 3). They disagree, however, over what that duty requires of plaintiffs and what the burden of the corresponding defense requires of defendants.

Plaintiff contends that he need only mitigate his lost wage claims by seeking to return to employment as a truck driver. He further contends that because he is unable to drive while ingesting opiates prescribed for back pain caused by the accident, Defendants must produce evidence that he has taken those opiates in bad faith. Separately, Plaintiff contends that Defendants must produce evidence establishing the specific amount by which mitigation could have reduced his damages. Thus, Plaintiff argues, he is entitled to summary judgement on the mitigation issue because Defendant has failed to produce evidence of either category.

Contrary to Plaintiff's claims, Louisiana law expressly imposes a robust duty to mitigate. A plaintiff has a duty "to make every reasonable effort to mitigate damages." *Aisole v. Dean*, 574 So. 2d 1248, 1254 (La. 1991). While plaintiffs "need not make extraordinary or impractical efforts, [they] must undertake those which would be pursued by a man of ordinary prudence under the

4

circumstances." *Jacobs v. New Orleans Pub. Serv., Inc.*, 432 So. 2d 843, 845-46 (La. 1983).

While Louisiana's highest court has not delineated the duty to mitigate claims for lost wages, its intermediate courts have described a demanding one. *See, e.g., Maranto v. Goodyear Tire & Rubber Co.*, 661 So. 2d 503, 509 (La. Ct. App. 1995) (plaintiffs must make "attempts to find suitable employment."); *DeRouen v. Audirsch*, 639 So. 2d 476, 485 (La. Ct. App. 1994).("An injured plaintiff has a duty to take reasonable steps to mitigate damages, including attempting to find suitable employment if she is, in fact, employable."); *Burke v. Safeway Stores, Inc.*, 554 So. 2d 184, 190 (La. Ct. App. 1989) (reducing damages for plaintiff's failure to either obtain a "minimum wage job" or promptly enroll in vocational studies.) Plaintiff mischaracterizes the law on mitigation as somehow limiting suitable employment to one's most recent job. Clearly, the test for mitigation is more encompassing.

Here, Defendant has produced sufficient evidence establishing a genuine issue of material fact regarding Plaintiff's failure to mitigate. Specifically, Defendants proffer evidence that Plaintiff (1) was able to work and (2) failed to seek employment nevertheless. For instance, Defendants produced the affidavits of Marquitric Washington and Carolyn Williams, both of which contain statements that Plaintiff did not seek employment at all. (See Rec. Docs. No. 46-7 at 2 and 46-8 at 2). Defendants also produced evidence that three of Plaintiff's medical doctors each stated that in their professional opinion he had reached MMI and was able to

5

work. (See Rec. Docs. No. 46-4, 46-5 at 3-4, and 46-9 at 3). This is more than enough evidence from which a reasonable juror could infer that Plaintiff did not make "every reasonable effort" to mitigate his lost wages. *Aisole*, 574 So. 2d at 1254.

Plaintiff relies on *Quaglino Tobacco & Candy Co., Inc. v. Barr*, 519 So. 2d 200 (La. Ct. App. 1987), to argue that Defendants cannot survive summary judgment unless they produce evidence of the specific amount by which mitigation could have reduced his damages. This reliance is unfounded. In *Quaglino*, the Court of Appeal for the Fourth Circuit of Louisiana considered a defendant's post-trial challenge to an award for damages. *Id.* at 201-02. The court refused to reduce damages, however, because the defendant failed to controvert the trial court's findings. *Id.* at 203. *Quaglino*, quite clearly, provides no guidance regarding a defendant's burden of production at the pre-trial summary judgment stage of proceedings.

Plaintiff's reliance on *Tyler v. Richardson*, 476 So.2d 899 (La. Ct. App. 1992), is also unfounded. In *Tyler* the court held that defendants must pay for all of their victim's medical treatment, no matter how unnecessary, unless received in bad faith. *Id.* at 904-05. The case said nothing of the duty to mitigate, let alone a defendant's burden at summary judgment, and Plaintiff does not explain or show its relevance here.

In summary, defendants have produced sufficient evidence to

6

create genuine issues of material fact regarding mitigation. Accordingly, and for the reasons above,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 4th day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE

7